IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

LAURA JEAN LEE,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C12-1019

ORDER

    This matter comes before the Court on the Complaint (docket number 4) filed by Plaintiff Laura Jean Lee, on July 19, 2012, requesting judicial review of the Social Security Commissioner's decision to deny her applications for Title II disability insurance benefits.[1] On September 21, 2012, the Social Security Commissioner ("Commissioner") filed an Answer (docket number 9). A Social Security Briefing Schedule Order (docket number 11) was entered on September 24, 2012. On October 16, 2012, both parties filed a Joint Motion to Reverse and Remand and for Entry of Final Judgment (docket number 12).

    In the joint motion, the parties assert that:

> After careful review of the above-captioned case when the complaint was filed, agency counsel requested that the Appeals Council of the Social Security Administration reconsider the Commissioner's decision. Upon review, the Appeals Council determined that remand was appropriate for further consideration of [Lee's] claim. Plaintiff's counsel agrees that remand is appropriate.

---

[1] On August 8, 2012, both parties consented to proceed before a United States Magistrate Judge in this matter pursuant to the provisions set forth in 28 U.S.C. § 636(c).

*See* Memorandum in Support of Joint Motion of the Parties to Reverse and Remand and for Entry of Final Judgment (docket number 12-1) at 2. Specifically, the parties set forth that upon remand, the Appeals Council will direct an ALJ to:

> (1) offer [Lee] an opportunity for a new hearing; (2) consider the new evidence submitted post hearing, including opinion evidence submitted by Dr. Andrea Ventreicher and social worker Christine Atkinson; (3) consider whether [Lee's] fibromyalgia equals a listing; (4) consider the effects of [Lee's] obesity on her residual functional capacity in more detail; and (5) determine the effect of a subsequent favorable decision on the pending court case.

*Id.*

Because the parties request a remand pursuant to sentence four of 42 U.S.C. § 405(g),[2] the Court must conduct a plenary review of the record and provide a substantive ruling regarding the case. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The Court has reviewed the record in this matter and finds that remand for further consideration is appropriate. Accordingly, the Court finds that this matter should be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with directions to consider: (1) new evidence submitted post-hearing, including the opinions of Dr. Ventreicher and Atkinson; (2) whether Lee's fibromyalgia equals a listing; (3) consider the effects of Lee's obesity on her residual functional capacity; and (4) the effect of a subsequent favorable decision in this matter.

---

[2] 42 U.S.C. § 405(g) provides in pertinent part:
> The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

## ORDER

For the foregoing reasons, it is hereby **ORDERED**:

This matter is **REVERSED** and **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings as discussed herein.

DATED this 16th day of October, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA